**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Fishman,<br><br>            Plaintiff,<br><br>vs.<br><br>Mel Clayton Ford,<br><br>            Defendant. | No. CV-07-1106-PHX-LOA<br><br>**ORDER** |

This matter arises on the Court's review of the file. On June 4, 2007, Plaintiff filed a *pro se* Complaint against Defendant Mel Clayton Ford. (docket # 1) On the same day, Plaintiff expressly consented in writing to magistrate judge jurisdiction pursuant to pursuant to Title 28 U.S.C. § 636(c)(1) and filed a Motion to Proceed *In Forma Pauperis*. (docket # 2 and # 3) Coincidentally, this case was randomly assigned to the undersigned who presided over Plaintiff's same suit in CV-07-0620-PHX-LOA.

**I. Procedural History**

On March 23, 2007, this *pro se* Plaintiff ("Fishman") filed essentially the identical lawsuit in this federal court against the same Defendant in CV-07-0620-PHX-LOA. Prior to dismissal of that suit, Fishman was given a fair opportunity to amend his Complaint to allege federal subject-matter jurisdiction. (docket # 10). Having failed to allege either a federal question or a diversity claim and a sufficient amount in controversy for jurisdiction in federal court, the Court dismissed Plaintiff's Complaint on May 15, 2007 "without

1 prejudice to it being brought in state court, for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3)." (docket # 14 at 6)  The dismissal order was affirmed on reconsideration. (docket # 17).

Rather than filing suit in state court as made plain to him, Fishman filed the same lawsuit in this federal court again in CV-07-1106-PHX-LOA, claiming "I could not get a fair Hearing or Trial in any other courts in Maricopa [,] Pinal and any other parts of Arizona" and citing *Leatherman v. Tarrant County*. (docket # 1)   In his Second Amended Complaint in CV-07-620-PHX-LOA, Fishman similarly alleged the "only Court I could possibly get a fair trial is in Federal Court. This is why I am filing this [lawsuit] in Federal Court." (docket # 13)   This Court explained in detail to Plaintiff why this allegation was insufficient to establish federal subject-matter jurisdiction. (docket # 14 and # 17)  Nevertheless, Fishman turns around and files essentially the same defective Complaint against Mel Clayton Ford less than three weeks after his first lawsuit (CV-07-620-PHXC-LOA) against Mel Clayton Ford  was dismissed without prejudice.

A district court may properly take judicial notice of its own files and records. *U.S. v. Author Svcs., Inc*., 804 F.2d 1520, 1522 (9th Cir.1986.)  Court records reflect that Fishman has filed twenty-one (21) *pro se* lawsuits in the District Court of Arizona in 2007 against the same and different defendants.[1]  Most, if not all, of Fishman's complaints are accompanied

---

[1] 2:07-cv-00586-FJM;  2:07-cv-00587-SMM ; 2:07-cv-00588-ROS
2:07-cv-00589-RCB;2:07-cv-00590-DGC; 2:07-cv-00591-MEA;
2:07-cv-00619-DKD; 2:07-cv-00620-LOA; 2:07-cv-00621-NVW;
2:07-cv-00809-DKD; 2:07-cv-01105-LOA; 2:07-cv-01106-LOA
2:07-cv-01107-MHM; 2:07-cv-01108-DGC; 2:07-cv-01109-LOA
2:07-cv-01116-ECV; 3:07-cv-00592-MHB; 3:07-cv-00593-JWS
3:07-cv-08026-NVW; 4:07-cv-00137-JMR; 4:07-cv-00138-JJM

by a motion for leave to proceed *in forma pauperis*. Unquestionably, Fishman has become a vexatious litigant.[2]

Plaintiff's complaint again does not allege a federal cause of action against Mel Clayton Ford. He cites the case of *Leatherman v. Tarrant County*, 507 U.S. 163, 164 (1993), in which the Supreme Court held that claims under 42 U.S.C. § 1983 are not subject to a heightened pleading standard, but he does not state whether his claim involves a federal cause of action. As this Court previously explained to him in CV-07-0620-PHX-LOA, Plaintiff is advised that to state a claim under § 1983, he must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Mel Clayton Ford, a private Phoenix car dealership, does act under color of state law.

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (citing *Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (same). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted); see Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

---

[2] Whether any court-wide consequences are imposed upon Fishman as a vexatious litigant will abide another day and another judge. *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir.1983) ("district courts do have the power to reinforce the effects of [collateral estoppel and res judicata] by issuing an injunction against repetitive litigation"), *cert. denied*, 465 U.S. 1081 (1984); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982) ( "[t]he equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C. § 1651(a)"), *cert. denied*, 459 U.S. 1206, (1983).

1 | Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. *Black v. Payne*, 591 F.2d 83, 86 (9th Cir.), *cert. denied*, 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979); *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir.1988). The Court will again dismiss Plaintiff's suit against Mel Clayton Ford without prejudice so he may refile it in state court. Because Plaintiff has become a vexatious litigant by any reasonable standard and continues to file lawsuits in this federal court without a factual or legal basis supporting subject-matter jurisdiction, the Court will deny Plaintiff leave to refile this lawsuit in federal court. Moreover, Plaintiff is cautioned that persistence in filing lawsuits in federal court without a factual or legal basis supporting subject-matter jurisdiction may result in the imposition of sanctions against him as authorized by Rule 11, FED.R.CIV.P., which is equally applicable to a *pro se* litigant as it is to an attorney. See, *Joiner v. Delo*, 905 F.2d 206 (8th Cir. 1990); *Warren v. Guelker*, 29 F.3d 1386 (9th Cir. 1994).

Because the Complaint will be dismissed for lack of jurisdiction, the Court will deny as moot Plaintiff's motion to proceed *in forma pauperis*.

**IT IS ORDERED** that Plaintiff's Complaint (docket #1) is hereby dismissed without prejudice for lack of subject matter jurisdiction and without leave to refile in this federal court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (docket #3) is denied as moot.

DATED this 12th day of June, 2007.

Lawrence O. Anderson
United States Magistrate Judge

- 4 -